CARRIE S. BEAM

*v.*

THE PATERSON SAFE DEPOSIT AND TRUST COMPANY et al.

[Decided October 21st, 1912.]

1. A bill against a defendant as trustee, for an accounting for losses occasioned by his continuance of a decedent's investment, charging that the defendant continued the same "negligently and not in the exercise of good faith and reasonable discretion, and that great loss has been occasioned" to the complainant "by reason of such negligent continuance of said investment," will not be stricken out under the two hundred and thirteenth rule, where the notice of the motion states as its sole ground that the bill "does not make or state a case entitling the complainant to a decree, and that the defendant is not bound to answer the same."

2. Such a ground of objection as that specified in the notice relates not to the substance of the charge which the complainant makes, but to the form in which that charge is made, and the character of the objection is not even indicated in the notice.

On motion to strike out bill of complaint.

*Mr. John W. Harding,* for the motion.

*Mr. Pierre F. Cook, contra.*

STEVENSON, V. C.

The bill sets forth that the defendant the Paterson Safe Deposit and Trust Company holds as trustee for the complainant and others certain bonds and stock under the provisions of the will of Sarah A. Cooke, deceased; that these securities were investments made by the testatrix in her lifetime, and after her death, in May, 1905, passed to the defendant in trust as aforesaid, the complainant being entitled to the income of an equal one-fifth share, the principal upon her decease passing to her children or next of kin. The exact date when the trustee received the securities in question does not appear, but under the form of the notice this matter may be disregarded.

The bill alleges that the securities have with some little fluctuations steadily declined in market value from the date of the death of the testatrix down to the time of the filing of the bill. The percentage of loss from this depreciation is very great. Certain of the bonds have lost over nine-tenths of their value; other of the bonds have lost about three-quarters of their value, and the third class of securities, certain stocks, have lost nineteen-twentieths of their value, all by this steady depreciation during this period of about seven years during a substantial portion of which period it may be assumed the trustee has been in possession of the securities charged with their care.

Apart from all general equitable rules controlling this situation, our statute (*P. L. 1899 p. 236*) provides that when a decedent has made an investment in bonds or stocks like these now in question, and the securities come into the hands of a trustee under the will of such decedent, the trustee shall not be accountable for any loss by reason of his continuance of the investment, provided he so act "in the exercise of good faith and reasonable discretion."

The bill charges that the defendant continued these investments of the testatrix "negligently and not in the exercise of good faith and reasonable discretion, and that great loss has been occasioned" to the complainant "by reason of such negligent continuance of said investment."

The object of the bill is to compel the trustee to account for the above mentioned loss.

The notice of the motion to strike out this bill states as its sole ground that the bill "does not make or state a case entitling the complainant to a decree, and that the defendant the Paterson Safe Deposit and Trust Company is not bound to answer the same."

The sole objection to the bill presented by the oral and written arguments for the defendant is that it does not set forth any facts or circumstances from which the inference must be drawn that the defendant trustee has been guilty of negligence or bad faith. In brief, the objection is that a general allegation of negligence like a general allegation of fraud is a conclusion of law and is not adequate in a pleading in equity. As a demurrer, to which this motion to strike out the bill is an equivalent, only admits the well pleaded allegations of the bill, it is insisted that this bill must be condemned on the general grounds stated in the notice which with sufficient accuracy may be deemed "want of equity."

It may be that there is room to argue that the steady and substantial loss upon these securities while the defendant trustee has had them in charge, casts the burden upon such trustee of vindicating its management. The reasons why the trustee has retained these securities are certainly better known to the trustee than they are to the complainant. I do not, however, deem it necessary to determine the exact force of this suggestion.

I think this motion must be denied on the ground that the objection to the bill specified in the notice relates not to the substance of the charge which the complainant makes, but to the form in which that charge is made—to a mere matter of pleading and the character of the objection is not even indicated in the notice. If the defendant had a right to a specification of the circumstances during this period of five, or six or seven years from which the inference is warranted that the trustee acted negligently or in bad faith, it was very easy to specify this objection to the bill as a pleading, and thereupon the complainant might have promptly amended her bill. The form of this notice conceals the real objection. A complete cause of action undoubtedly is alleged against the defendant trustee. The objection to the setting forth of such cause of action is merely that it

is embodied as to an essential part in a proposition which is a conclusion of law. A trustee charged in a bill in equity with having negligently refrained from selling securities may be entirely willing to go to the hearing on such general charge. The defendant trustee certainly knows more about its own conduct in holding onto these securities and its reasons for such action or inaction than the complainant does, and may be entirely willing to await the disclosures of the complainant's evidence at the trial. If the complainant cannot make out a *prima facie* case by showing, as the pleading seems to show, the unexplained retention of these investments which were steadily depreciating in value, then the complainant must go further and establish affirmatively the facts and circumstances which counsel for the defendant on the argument insists ought to have been alleged in the bill. I see no great hardship in requiring the defendant, who has not specifically objected to the form of this pleading, to answer the bill and go to trial on the general charge of negligence and bad faith. The complainant's case is put in first. The court will not allow on trial any surprise, and it seems to be highly improbable that in a case like this the evidence produced by the complainant can cause the defendant trustee any surprise or put it to any disadvantage either in the cross-examination of the complainant's witnesses or in the production of its own evidence in defence.

Without stopping to determine whether the objection to the complainant's bill would in this case have been fatal if the same had been specified in the notice of this motion, I confine my ruling to the single point that in the absence of such specification the bill will not be stricken out for want of equity. It seems to me that to strike out this bill for the reason assigned on behalf of the defendant in this notice would, to a large extent, emasculate the well-settled rules which are established limiting the force and effect of mere general demurrers. Demurrers at the present time are discouraged. It might be well, in my judgment, to abolish the demurrer in equity except when filed by leave of the court. In this case while the defendant's brief sets forth the sharp and technical objection to the bill of complaint as a pleading, which I have discussed the complain-

ant's counsel has shown by his oral argument, and especially by his brief, that he had no idea that any such technical question was to be raised and argued. His whole argument relates to the question whether a trustee who has negligently continued investments is liable to his beneficiaries for the loss thus caused. This argument, in my judgment, well illustrates the value of the rules established in our modern equity practice according to which large numbers of objections to bills, which formerly were fatal under general demurrers, are excluded from consideration unless they are distinctly pointed out and specified so that counsel for the complainant may speedily, without loss of time, amend his bill or come prepared to defend his bill against the charge, oftentimes a mere technicality, which the defendant makes against it.

The conclusions above stated, I think, are sustained by the following authorities: *Essex Paper Co.* v. *Greace, 45 N. J. Eq. (18 Stew.) 504; Van Houten* v. *Van Winkle, 46 N. J. Eq. (1 Dick.) 385; Bishop* v. *Waldron, 56 N. J. Eq. (11 Dick.) 484; Goldengay* v. *Smith, 62 N. J. Eq. (17 Dick.) 354; Demarest* v. *Terhune, 62 N. J. Eq. (17 Dick.) 663, 665, 666; Safford* v. *Barber, 74 N. J. Eq. (4 Buch.) 352; Central Railroad Co.* v. *Van Horn, 38 N. J. Law (9 Vr.) 133, 139, 140; Race* v. *Easton and Amboy Railroad Co., 62 N. J. Law (33 Vr.) 536, 539.*

In considering the force of the authorities above cited, and particularly the two last cited cases decided at law upon demurrers to declarations, it must be borne in mind that this motion under rule 213 to strike out a bill of complaint is the exact equivalent of a demurrer and was expressly provided by Chancellor Zabriskie, as the rule on its face demonstrates, as an elective substitute for a demurrer. As our rules (209 and 213) now stand regulating demurrers and notices of this character, the requirement is the same in regard to each mode of objecting to the sufficiency of a bill. The demurrer must "distinctly specify the ground or several grounds of demurrer," and the notice must "state the particular ground or grounds of objection."

The policy of strictly confining the force of objections to

declarations on demurrers in the law courts has been established and expanded by alterations of the Practice act during the last thirty years. In 1882 (*P. L. 1882 p. 124*) the Practice act was amended so as to permit the plaintiff to demand in writing a specification of the "causes of demurrer on which the demurrant intends to rely upon the hearing," and this statute confined the demurrant to the causes of demurrer contained in his specification. In the new Practice act of 1903 (*P. L. 1903 p. 572*, § *131, 3 Comp. Stat. of N. J. p. 4094*) the form of a demurrer is prescribed requiring the "grounds of demurrer to be specified," and it is further enacted that "at the hearing the demurrant shall be confined to the grounds of demurrer stated in his demurrer." These statutes provide for amendments to the specifications. No doubt this court in a proper case will allow the "grounds of demurrer" to be amended and a motion under rule 213 to be continued so as to permit the party making it to state additional "grounds of objection." No application to amend the defendant's notice was made in this case.